ENRIQUE ESPINOSA, Plaintiff and Appellee, *v.* PORTO RICO TELEPHONE COMPANY, Defendant and Appellant.

No. 5095. Argued November 25, 1929.—Decided January 31, 1930.

J. *Sifre Jr.* and *Diego O. Marrero,* for appellant. *V. Géigel,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The present case originated in the Municipal Court of San Juan on a claim for recovery of deductions made from the plaintiff's salary by the defendant as contributions to a society called *Fondo Benéfico y de Retiro* (Benefit and Retirement Fund).

In the seventh paragraph of the complaint the plaintiff alleges:

"That, to the best of his information and belief, the defendant has deducted from the salary or compensation of the plaintiff, from March 1, 1918, to December 31, 1926, the approximate sum of $400 for the aforesaid fund."

And in the prayer of the complaint:

". . . . . . he prays that, in due course, the court render judgment for the plaintiff and adjudge the defendant to reimburse to the plaintiff the sum of $400 or the exact amount deducted from his salary. . . ."

In its answer the defendant alleged in part as follows:

"As to the seventh paragraph of the complaint, it denies that the sum of $400 has been deduct~d from plaintiff's salary for the aforesaid 'Fondo Benéfico,' and it expressly alleges that the total of the aforesaid deductions amounted only to $265.00."

On those pleadings the case went to trial and the municipal court gave judgment against the plaintiff. The latter appealed to the district court, which tried the case *de novo* and rendered judgment against the defendant for $265. Thereupon the defendant took this appeal to this court.

The appellee now moves to dismiss the appeal on the ground that the same is not authorized by law. Both parties were fully heard on this motion.

The applicable law is section 295 of the Code of Civil Procedure, as amended in 1905, which, in so far as now pertinent, reads:

"Sec. 295. An appeal may be taken to the Supreme Court from a District Court:

"1.     .     .     .     .     .

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment; should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300)."

In construing that section this court, in *Nadal* v. *American Railroad Co.* of P. R., 19 P.R.R. 1024, through Chief Justice Hernández, said:

"The wording of the statute quoted does not establish a general and absolute rule that in order to determine the jurisdiction of this court in cases originating in the municipal courts the amount sued for shall be taken always as the basis, for there are cases in which the jurisdiction depends upon the amount of the judgment. The text of the statute should be construed so as to give effect to the whole, and if we hold that only the amount sought to be recovered can be taken as a basis for determining whether or not the appeal lies, the words of the statute relative to the amount of the judgment would be superfluous.

"In order to give effect to the language of the statute we should construe it in the sense that in determining the jurisdiction of this

court in cases of appeals from judgments of district courts in appeals from municipal courts, the amount claimed in the complaint should govern when that amount is the subject matter of the appeal, and the amount of the judgment should govern when that and not the amount claimed in the complaint is the subject matter of the appeal.

"It follows from the said doctrine that if Salvador Nadal had appealed from the judgment rendered by the District Court of Mayagüez in order to recover the indemnity of $400 prayed for in the complaint, the jurisdiction of this court would be determined by the amount claimed in the complaint itself; but as the appeal was not taken by the plaintiff but by the defendant, The American Railroad Company of Porto Rico, which sought to be relieved of the payment of the $280 damages imposed by the judgment appealed from, the jurisdiction of this court should be determined by the amount of the judgment, which amount and not the amount sued for in the complaint is the subject matter of the appeal. This is true to such an extent that, no appeal having been taken by Salvador Nadal, this court could not grant him an amount of damages exceeding the $280 allowed him by the judgment appealed from."

The case at bar is even stronger that that of *Nadal, supra,* because here not only is the amount of the judgment below $300 and it is the defendant who appeals, but also owing to the manner in which the plaintiff tendered the issue which was joined by the defendant and thereafter limited by the evidence approved by the judgment, the true amount in controversy was always less than $300.

From the foregoing, it is clear that this court is without jurisdiction to hear this appeal on its merits. The motion of the appellee must be sustained and the appeal dismissed.